# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### STATE OF TENNESSEE v. JOHN C. WALKER, III

**Circuit Court for Putnam County**
**No. 02-0306**

_____

_____

**No. M2003-01732-CCA-R3-CD - Filed February 8, 2005**

_____

### ORDER

This matter is before the Court on a motion to rehear, pursuant to Rule 39 of the Tennessee Rules of Appellate Procedure. In his motion, the defendant challenges both the application of enhancement factors absent a jury finding, following the holding in Blakely v. Washington; and the rejection of three mitigating factors. Initially, we note that the latter is not cognizable in this proceeding; Tennessee Rule of Appellate Procedure 36(a) states: "A rehearing will not be granted to permit reargument of matters fully argued." In the instant case, the trial court's rejection of the mitigating factors in question was fully litigated on direct appeal; as such, our analysis will be confined to the applicability of the enhancement factors in light of the Supreme Court's holding in Blakely.

### Waiver

A necessary first step in our analysis is to address the State's argument that the defendant waived any Blakely challenge for failing to raise the issue earlier. I am in agreement with the opinion of Judge Woodall, which states:

> Assuming that [the defendant] in this case had argued in the trial court, under Apprendi, that no enhancement factor other than prior convictions could be applied absent a jury finding, the trial court, and this Court (prior to the U.S. Supreme Court's opinion in Blakely) would have been obligated to reject that issue under Graham[v. State].

State v. Ricky Grover Aaron, No. M2002-02288-CCA-R3-CD. Therefore, because previous precedent required our courts to reject the contention ultimately adopted in Blakely, the defendant would have had no reason to challenge it before that case was decided. Thus, such challenges are not waived.

## Applicability of <u>Blakely</u>

We next analyze whether the enhancement factors were wrongfully applied, in light of the holding in <u>Blakely</u>. The defendant in the instant case was convicted of second-degree murder, a Class A felony, which carries a Range I penalty of between fifteen and twenty-five years. As required by statute, the trial court began with the midpoint of the range, and increased the sentence based upon the application of two enhancement factors: (10) the defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense; and (17) the crime was committed under circumstances under which the potential for bodily injury to a victim was great.

Based upon the trial court's finding that the enhancement factors were applicable, and that no mitigating factors applied, the defendant's sentence was increased to twenty-five years, the maximum sentence within the range. On appeal, this Court upheld the application of factor (10) and further noted that the "trial court gave a 'great deal of weight'" to that factor in determining its sentence. This Court rejected the application of factor (17); however, we found that the trial court "could have used enhancement factor (11)," which states that "the defendant had no hesitation about committing a crime when the risk to human life was high." Thus, we upheld the enhanced sentence of twenty-five years.[1]

The appropriateness of the application of factors (10) and (11) must now be reviewed in light of the Supreme Court's holding in <u>Blakely</u>. <u>Blakely</u> requires that enhancement factors be either admitted by the defendant or found by a jury determination beyond a reasonable doubt. <u>See</u> <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S. Ct. 2531 (2004). Because neither factor meets the requirements of <u>Blakely</u>, both were improperly applied.

## Conclusion

Because both factors were applied in violation of <u>Blakely</u>, the defendant's second-degree murder sentence is reduced from twenty-five years to twenty years, the presumptive minimum.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[1] Our earlier opinion was rendered without regard to <u>Blakely</u>.